10-1332-ag
Macancela v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand eleven.

PRESENT:
    AMALYA L. KEARSE,
    ROGER J. MINER,
    DENNY CHIN,
        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -x

LUIS HERIBERTO MACANCELA,
                <u>Petitioner</u>,

        -v.-                                    10-1332-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
                <u>Respondent</u>.

- - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:      H. RAYMOND FASANO, Madeo & Fasano, New York, New York.

FOR RESPONDENT:      FRANKLIN M. JOHNSON, Trial Attorney, Office of Immigration Litigation (Tony West, Assistant Attorney General, Paul Fiorino, Senior Litigation Counsel, <u>on the brief</u>), <u>for</u> Eric H. Holder, Jr., United States Attorney General, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Luis Heriberto Macancela, a native and citizen of Ecuador, petitions for review of a March 11, 2010 final order of removal of the BIA affirming a March 10, 2009 decision of Immigration Judge ("IJ") Philip Verrillo denying Macancela's application for cancellation of removal. See 8 U.S.C. § 1229b(b)(1). The IJ determined that Macancela failed to establish that: (1) his removal would result in "exceptional and extremely unusual hardship" to his three U.S. citizen children, § 1229b(b)(1)(D), and (2) he "has been a person of good moral character," § 1229b(b)(1)(B), in light of his history of arrests for drunk driving and domestic violence, see In re Macancela, No. A029 652 926 (B.I.A. Mar. 11, 2010), aff'g No. A029 652 926 (Immig. Ct. Hartford, Conn. Mar. 10, 2009). We assume the parties' familiarity with the facts and procedural history of the case.

On a petition for review of a denial of an application for cancellation of removal, we have jurisdiction only to consider constitutional claims and questions of law, see 8 U.S.C. § 1252(a)(2)(B)(i), (D), and we review those issues de novo, see Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008). In addition, because the BIA did not explicitly adopt the IJ's decision in its analysis, we review only the BIA's decision, Aliyev v. Mukasey,

-2-

549 F.3d 111, 115-16 (2d Cir. 2008), which was based on its conclusion that Macancela had not shown that his removal would result in "exceptional and extremely unusual hardship" to his children, see 8 U.S.C. § 1229b(b)(1)(D).  The decision as to whether an application for cancellation of removal should be granted based on a claim of hardship is a determination committed to the agency's discretion, and we lack jurisdiction to review that decision, see § 1252(a)(2)(B)(i), "except in those rare cases where the BIA decision . . . is made without rational justification or based on an erroneous legal standard, or rests on fact-finding which is flawed by an error of law," Mendez v. Holder, 566 F.3d 316, 322 (2d Cir. 2009) (per curiam) (internal quotation marks and citations omitted).

Macancela argues that the BIA so overestimated his ability to support his family once he is removed and so understated the extent of his son's speech disabilities that its conclusions constituted an error of law.  But Macancela fails to show, as he must to give the court jurisdiction, that "some facts important to the subtle determination of [hardship] have been totally overlooked and others have been seriously mischaracterized."  Id. at 323.  Rather, the record supports the BIA's conclusion that Macancela's family in Ecuador may be able to offer financial assistance and that Macancela is likely to find agricultural or construction work.  The record also indicates that the therapy Macancela's son presently receives will continue in his absence.  We do not doubt that removal will be difficult for Macancela's family, but "a petitioner cannot use

-3-

the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion," <u>Barco-Sandoval v. Gonzalez</u>, 516 F.3d 35, 39 (2d Cir. 2008) (internal quotation marks and brackets omitted), that we lack jurisdiction to review, 8 U.S.C. § 1252(a)(2)(B)(I).

We have considered petitioner's other arguments and conclude they are without merit. Accordingly, the petition for review is **DISMISSED** for lack of jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-4-